Filed 7/6/26  Spring Towers v. Carlson CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| SPRING TOWERS, LLC., | B342957 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County Super. Ct. No. 24STCV10041) |
| JACOB CARLSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Maurice A. Leiter, Judge.  Affirmed.

Jacob Carlson, in pro. per., and Brian Barajas for Defendant and Appellant

Law Office of Aaron Kohanim and Aaron Kohanim for Plaintiff and Respondent.

————————————

# MEMORANDUM OPINION

Jacob Carlson appeals the judgment in favor of Spring Towers, LLC in this unlawful detainer action. We find this matter appropriate for disposition by a memorandum opinion in accordance with the California Standards of Judicial Administration, section 8.1. (See *People v. Garcia* (2002) 97 Cal.App.4th 847, 850–855 [use of memorandum opinions].)

In his answer to Spring Towers's complaint, Carlson asserted, inter alia, the affirmative defense of retaliatory eviction. Subsequently, Spring Towers filed a motion in limine seeking to exclude all evidence "regarding harassment, retaliation and trespass, whatsoever" as irrelevant and more prejudicial than probative pursuant to Evidence Code section 352. Carlson opposed the motion. After a hearing, the trial court granted the motion in limine as to evidence of retaliation because "[d]efendant cannot show that he was not in default in payment of the rent and so, therefore, could not raise a defense of retaliatory eviction, Civil Code [section] 1942.5 and the CACI instruction [No.] 4321."

The jury found in favor of Spring Towers. Carlson appeals, asserting the judgment should be reversed and remanded for a new trial based on error in granting the motion in limine. Specifically, Carlson alleges that the common law retaliation defense applies even when rent is owed; retaliatory eviction is a question of fact that cannot be resolved without a trial; and the "[e]xclusion of [e]vidence is a misuse of the motion in limine." (Boldface and underscoring omitted.) He contends that because the court "exclud[ed]" an "entire affirmative defense[]," this court must view the evidence most favorably to him, resolving all presumptions, inferences, and doubts in his favor, and may only

2

uphold the judgment for the respondent if it is required as a matter of law.  Elsewhere he contends the alleged error is reversible per se, and that if it is subject to a harmless error analysis, reversal is required because this defense was central to the case and its exclusion "likely affected the outcome."

We cannot properly review this argument because the record is inadequate.  The party seeking to challenge a judgment on appeal has the burden to provide an adequate record to assess error.  (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295.)  Carlson did not provide a reporter's transcript of the hearing on the motion in limine, and the record does not contain an agreed or settled statement in lieu of a reporter's transcript of that hearing.  We therefore do not know " 'what grounds were advanced, what arguments were made, and what facts may have been admitted, mutually assumed or judicially noticed at the hearing.' " (*Snell v. Superior Court* (1984) 158 Cal.App.3d 44, 49.)  The absence of a reporter's transcript or settled statement precludes Carlson "from raising any evidentiary issues on appeal." (*Hodges v. Mark* (1996) 49 Cal.App.4th 651, 657.)  Moreover, the record on appeal lacks an offer of proof or description of the evidence Carlson was prevented from presenting and a reporter's transcript or settled statement for the parties' cases in chief.  This further prevents us from determining whether the trial court erred and from assessing, if necessary, the impact of and appropriate remedy for any error.  Where, as here, a party fails to furnish an adequate record of the challenged proceedings, their claim on appeal must be resolved against them.  (*Maria P.*, at pp. 1295–1296.)

3

## DISPOSITION

The judgment is affirmed.  Respondent shall recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



STRATTON, P. J.

We concur:



VIRAMONTES, J.



SCHERB, J.

4